MOORE, Circuit Judge,
concurring.
I concur in Judge Ryan’s opinion, except I adhere to the three-step test that we have established for evaluating qualified immunity defenses. In our opinion in Feathers v. Aey, 319 F.3d 843, 848 (6th Cir.2003), we stated the three-part test as follows:
Qualified immunity involves a three-step inquiry. First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence “to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.” Williams v. Mehra, 186 F.3d 685, 691 (6th Cir.1999) (en banc) (citing Dickerson v. McClellan, 101 F.3d 1151, 1158 (6th Cir.1996)); see also Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
If the plaintiff fails to establish any one of these elements, qualified immunity must be granted. Radvansky v. City of Olmsted Falls, 395 F.3d 291, 302 (6th Cir.2005).
In Sample v. Bailey, 409 F.3d 689, 696 n. 3 (6th Cir.2005), we explained how the three-part test implements the governing standards from the Supreme Court, as expressed in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). As we stated in Sample,
The Supreme Court in Saucier stated that when reviewing claims of qualified immunity, the initial inquiry must be “[tjaken in the light most favorable to the party asserting the injury, do the facts alleged show the officer’s conduct violated a constitutional right?” 533 U.S. at 201, 121 S.Ct. 2151. If a constitutional violation has been established, the Court stated that “the next, sequential step is to ask whether the right was clearly established.” Id. These two inquiries form the preliminary two steps in the Feathers approach.
If we find the first two requirements have been met, the final inquiry is “whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.” Feathers, 319 F.3d at 848. This final requirement directly flows from the Court’s recognition that “[t]he qualified immunity inquiry ... has a further dimension.” Saucier, 533 U.S. at 205, 121 S.Ct. 2151. Specifically, the Court noted that “[t]he concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints *359 on particular police conduct. Id. “Somewhat more concretely, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the ‘objective legal reasonableness’ of the action, assessed in light of legal rules that were ‘clearly established’ at the time it was taken.” Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (internal citation omitted). Thus, the Court explained that “even if a court were to hold that [an] officer violated the Fourth Amendment by conducting an unreasonable, warrantless search, Anderson still operates to grant officers immunity for reasonable mistakes as to the legality of their actions.” Saucier, 533 U.S. at 206, 121 S.Ct. 2151. In Saucier, the Court reaffirmed the principle laid out in Anderson, and stated that “[i]f the officer’s mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense.” Id. at 205, 121 S.Ct. 2151; see also Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (noting that qualified immunity “provides ample protection to all but the plainly incompetent or those who knowingly violate the law”).
Sample, 409 F.3d at 696 n. 3.
Judge Ryan’s opinion combines the second and third steps in concluding that “a reasonable officer in Hutchins’s position would have known that ... Raymond’s clearly established constitutional rights were being violated.” Although I would have analyzed each step separately, I am in complete agreement with Judge Ryan both that the Fourth Amendment right was clearly established at the time Myers was taken into custody and that Myers “has offered sufficient evidence to indicate that what [Hutchins] allegedly did was objectively unreasonable in light of the clearly established constitutional rights.” Feathers, 319 F.3d at 848. Therefore, applying the three-part test, I concur in Judge Ryan’s opinion.